IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOSEPH MICHAEL GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV876 |
| | ) | |
| GEORGE T. SOLOMON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This civil rights action is before the Court on a Motion to Dismiss [Doc. #12] filed by Defendants J.C. Huggins and George T. Solomon ("Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has responded in opposition to Defendants' Motion. For the reasons that follow, the Court recommends that Defendants' Motion to Dismiss be granted, and that all claims against them be dismissed.

I. FACTS, CLAIMS, AND PROCEDURAL HISTORY

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. (Compl. [Doc. #2].) Plaintiff Joseph Michael Griffith is an inmate in the custody of the North Carolina Department of Public Safety. In his present Complaint, he alleges his rights were violated by a search of his cell. Plaintiff names as defendants George T. Solomon, who Plaintiff describes as the Director of Adult Corrections for the North Carolina Department of Public Safety, and J.C. Huggins, who Plaintiff describes as the South Central Regional Director of the Department of Public Safety, as well as the four unknown PERT team officers who searched his cell.

Plaintiff alleges in his Complaint that on March 31, 2014, the prison emergency response team ("PERT team") started to search the M-con unit where Plaintiff was housed. He further alleges that four unknown PERT team members came to his cell, gave him orders, placed him in restraints, and made him stand beside the door to his cell as they searched his cell. He says that he heard a PERT team member say, "Look at this, he's sueing [sic] a bunch of officers." (Compl. at 4.) Another PERT team member allegedly replied, "We'll give him the special treatment." (Id. at 5.) Plaintiff then states that he saw his property being tossed out of his cell into the garbage pile, including his New Balance sneakers, which PERT team officers told him were contraband because they had "blue medical insoles" but Plaintiff did not have a medical form for them. Plaintiff also contends that the PERT team members tossed out a Casio watch, a calendar, and all of his prescription medications. When Plaintiff returned to his cell, he says that his law books and legal documents were scattered on the floor of his cell, and a box containing religious items was crushed on one side. Plaintiff claims that the search of his cell violated prison policy, and that according to Division of Public Safety policy, "staff conducting the search should avoid any unnecessary scattering, disruption, or disarry [sic] of the inmates personal possessions during the search" and staff must "invontary [sic] all confiscated property taken from inmates." (Id. at 7.) Plaintiff alleges "on information and belief" that PERT team officers do not wear name tags "so they cannot be sued." (Id. at 7.) He says that he lost the items thrown out of his cell.

Plaintiff claims that Defendants Solomon and Huggins, by way of the North Carolina Department of Public Safety "policies, patterns, practices, customs, and/or usage" either

2

condoned or were deliberately indifferent to their employee's violations of Plaintiff's rights under the North Carolina Constitution. (Compl. at 11.) Plaintiff also asserts that Defendants Solomon and Huggins were "negligent in failing to establish policies and procedures, including the proper training" of correctional officers to prevent the unlawful taking of inmates' property. (Id. at 12.) Plaintiff also contends that Defendants Solomon and Huggins were negligent in failing to establish reasonable policies for training prison employees on how to respond to complaints about officers and discipline abusive and reckless officers. (Id. at 13.) Plaintiff further charges that Defendants Solomon and Huggins were responsible for the formulation and execution of the policies that resulted in the unconstitutional retaliation that Plaintiff experienced. (Id. at 14.) And finally, Plaintiff says that Defendants Solomon and Huggins condone the unconstitutional conduct of correctional officers. (Id. at 15.)

In his Complaint, Plaintiff asserts claims against the unknown PERT team officers for: (1) retaliation for accessing the courts; (2) willful and wanton conduct; (3) civil conspiracy; and (4) punitive damages; and Plaintiff asserts claims against Defendant Solomon, Defendant Huggins, and the PERT team officers for (5) violations of his constitutional rights; and (6) negligence. Plaintiff seeks damages, the return of his property, and changes in prison policy.

Defendants Solomon and Huggins filed a Motion to Dismiss, arguing that Plaintiff has failed to state a claim against them upon which relief may be granted. They contend that Plaintiff has not alleged any personal involvement by them in the alleged misconduct, and that they are not liable under theories of respondeat superior or supervisory liability. They also argue that Plaintiff's claims are barred by Eleventh Amendment and sovereign immunity, as well as

3

qualified immunity. Plaintiff responds by arguing that the policies of Defendants Solomon and Huggins allowed the PERT team members to not wear name tags on their uniforms which resulted in PERT team members engaging in the conduct that Plaintiff complains of without fear of lawsuits. (Response Br. [Doc. #16] at 6.)

II.   DISCUSSION

In considering a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is "facially plausible" when the facts pled allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

Plaintiff does not allege that either Defendant Solomon or Defendant Huggins was present at the time his cell was searched or that either had any personal involvement in that

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

4

action.  Plaintiff is therefore attempting to hold these Defendants liable for the alleged constitutional injuries inflicted by their subordinates, the PERT team officers that allegedly searched Plaintiff's cell and deprived Plaintiff of his property.  The elements necessary to establish supervisory liability under § 1983 are: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to individuals like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).  With respect to the first element, a "pervasive and unreasonable risk" of harm requires evidence that the conduct is widespread, or at least has occurred on several different occasions.  Id.

Plaintiff fails to allege facts to show that either Defendant Solomon or Defendant Huggins knew about the alleged unconstitutional acts by correctional officers of which Plaintiff complains.  In addition, Plaintiff fails to allege facts from which a court could reasonably infer that the conduct of which Plaintiff complains was widespread and presented a pervasive and unreasonable risk of constitutional injury to Plaintiff.  Deliberate indifference to such unconstitutional practices may be shown by a supervisor's "continued inaction in the face of documented widespread abuses."  Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984).  Plaintiff fails to allege facts of "documented widespread abuses" and thus fails to sufficiently allege deliberate indifference or tacit authorization of the practices of which Plaintiff complains.

5

Plaintiff has also failed to allege facts that would allow the Court to infer that any action or inaction of Defendants Solomon or Huggins was a proximate cause of Plaintiff's alleged injuries. Finally, even assuming that Defendant Solomon or Huggins could be liable for a failure to properly train correctional officers, Plaintiff has not alleged facts tending to show that "policymakers [were] on actual or constructive notice that a particular omission in their training program cause[d] . . . employees to violate citizens' constitutional rights," so as to be deliberately indifferent to the rights of people with whom correctional employees came into contact. See Connick v. Thompson, 563 U.S. 51, 61 (2011).

For all of these reasons, Plaintiff has failed to state a claim upon which relief may be granted as to Defendants Solomon and Huggins. Their Motion to Dismiss should be granted.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that the Motion to Dismiss filed by Defendants Huggins and Solomon [Doc. #12] be GRANTED, and that all claims against them be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6).

This, the 7th day of December, 2016.

                                                    /s/ Joi Elizabeth Peake
                                                       United States Magistrate Judge